UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LIONEL GIBSON,

    Plaintiff,

        v.                       CAUSE NO. 3:22-CV-29-JD-MGG

J. KOONS and E. KEPNER,

    Defendants.

OPINION AND ORDER

Lionel Gibson, a prisoner without a lawyer, filed a complaint with unrelated claims under cause number 3:21-cv-837. After being notified he could not proceed on unrelated claims in that case, but could separate an unrelated claim into a new lawsuit, he opted to proceed in this new case only on the claims raised in paragraph 25 of the complaint. The entire complaint was docketed in this case, but only paragraphs 1, 2, 3, 9, 10, 13, 24, 25, 29, 40, 41, 42, and 43 are considered as part of this screening order because they are the only ones related to the claims raised in paragraph 25.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gibson alleges a few days after November 15, 2019, Correctional Officer E. Kepner cooperated with Casework Manager Ms. J. Koons in retaliating against him for filing grievances against their co-workers (Fox and Groves) by filing a false conduct report charging him with possessing a knife they planted in his bedding. ECF 1 at ¶¶ 25 and 42. Gibson alleges the charges were ultimately dismissed. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). Here, these allegations state a claim against Officer Kepner and Caseworker Koons.

Gibson also alleges Caseworker Koons retaliated against him the day before for the same reason by planting contraband in another offender's cell and filing a false conduct report on him. ECF 1 at ¶¶ 25 and 40. Here, Gibson cannot proceed on a claim based on the "false" conduct report because he says he suffered disciplinary penalties and does not allege the finding of guilt has been overturned. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). As for the contraband planted in the cell of another offender, the complaint does not plausibly allege how actions taken against another offender could have either been motivated by Gibson's grievances or dissuaded an inmate of ordinary firmness from continuing to exercise his First Amendment rights. Therefore, neither of these allegations against Caseworker Koons state a claim.

Finally, Gibson makes the same claims against the same defendants alleging negligence under Indiana tort law. Because the defendants were acting within the scope of their employment, State law claims against them personally are barred by the Indiana Tort Claims Act (ITCA). *See* I.C. § 34-13-3-5(b) "Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment." *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014). *See also Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016) ("Indiana Tort Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment."). "If an alleged action is within the general scope of an individual's authority, it is authorized within the meaning of the Tort Claims Act, regardless of whether it was done negligently or with improper motive." *Reiner v. Dandurand*, 33 F.Supp.3d 1018, 1033 (N.D. Ind. 2014) (quotations and citations omitted).

> Under Indiana law, an individual is acting within the scope of his or her employment if the conduct is "of the same general nature as that authorized, or incidental to the conduct authorized." *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000) (quoting Restatement (Second) Agency § 229 (1958)). "Even criminal acts may be considered as being within the scope of employment if the criminal acts originated in activities so closely associated with the employment relationship as to fall within its scope." *Bushong v. Williamson*, 790 N.E.2d 467, 473 (Ind. 2003) (quotation marks omitted).

*Bishop v. Indiana Dep't of Correction*, No. 3:20-CV-1064-JD-MGG, 2021 WL 2255364, at *2 (N.D. Ind. June 3, 2021). For the purpose of these State law claims, Gibson alleges the defendants acted negligently; but even if they acted with improper motive as alleged for the federal law claims, the defendants are nevertheless immune from suit under

State law because searching his cell and filing conduct reports are activities so closely associated with their employment relationship as to fall within its scope.

For these reasons, the court:

(1) GRANTS Lionel Gibson leave to proceed against Casework Manager J. Koons and Correctional Officer E. Kepner in their individual capacities for compensatory and punitive damages for retaliating against him a few days after November 15, 2019, for filing grievances against their co-workers (Fox and Groves) by filing a false conduct report charging him with possessing a knife they planted in his bedding in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Casework Manager J. Koons and Correctional Officer E. Kepner at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Casework Manager J. Koons and Correctional Officer E. Kepner to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 14, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5