UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LIONEL GIBSON,

    Plaintiff,

    v.     CAUSE NO. 3:22-CV-29-JD-JEM

J. KOONS, et al.,

    Defendants.

OPINION AND ORDER

Lionel Gibson, a prisoner without a lawyer, proceeds on a First Amendment claim against Officer Kepner and Caseworker Koons for retaliating against him in November 2019 for filing grievances against Caseworker Fox and Caseworker Groves by planting a knife in his bedding and by issuing a false conduct report. ECF 6. The Defendants filed a motion for summary judgment, arguing Gibson did not exhaust his administrative remedies with respect to his claim. ECF 18. The motion is fully briefed and ripe for ruling. *See* ECF 19, 20, 21, 25, 26, 27, 28, and 29.

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules

require." *Id.* at 1025. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Here, it is uncontested the Indiana Department of Correction (IDOC) maintains a grievance policy. ECF 19 at ¶ 2 and ECF 27 at ¶ 2. It is uncontested that as to Gibson's claim against Caseworker Koons, he followed the policy except for the last step. ECF 19 at ¶ 24 and 27 at ¶ 24. There are only two questions to be resolved on summary judgment: (1) Did Grievance 110299 properly grieve the claims against Officer Kepner; and (2) Was Gibson impeded from completing the final step of the grievance process?

I. <u>Did Grievance 110299 properly grieve the claims against Officer Kepner?</u>

The Defendants argue Gibson failed to exhaust administrative remedies with respect to Officer Kepner by not naming her in the grievance. Proper exhaustion of administrative remedies means that "the grievances must contain the sort of information that the administrative system requires." *Strong v. David*, 297 F.3d 646, 649

2

(7th Cir. 2002). Here, the IDOC Grievance Policy provides a grievance must meet eight standards. ECF 18-2 at 9. None of those eight require the name (or even a description) of the person alleged to have prompted the grievance. "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id.* at 650. "[T]he grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Id.*

The purpose of the grievance process is to alert officials to a problem so that action can be taken to remedy the problem. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Here, the relevant question is whether Grievance 110299 was sufficient to alert correctional staff to the nature of his claim against Officer Kepner for falsifying the conduct report in retaliation for submitting grievances against other correctional staff. Grievance 110299 alerted prison officials Gibson believed "a knife ironically was found [and] Ms. Koons allowed offenders to steal my property and plant that weapon." ECF 18-5 at 1. It alerted them he believed he was being subjected to falsified conduct reports in retaliation for using the grievance process. Though the grievance provided less detail about the claim against Officer Kepner than it did about the claim against Caseworker Koons, it adequately alerted prison officials as required by the IDOC Grievance Policy so they could take action to remedy Gibson's concerns. Whether Grievance 110299 exhausted Gibson's claims against Caseworker Koons is a separate question, but based on the undisputed evidence, Grievance 110299 exhausted the claims against Officer Kepner to the same extent as it did against Caseworker Koons.

II. <u>Was Gibson impeded from completing the final step of the grievance process?</u>

There is no dispute about whether Gibson completed the final step of the grievance process – he did not. The IDOC grievance records show Gibson did not successfully appeal to the final level of the grievance process. ECF 18-1 at ¶ 35 and ECF 19 at ¶ 26. Gibson cites to three pieces of evidence arguing he did, but none of them demonstrate he completed the final step – only that he tried. *See* ECF 26-1 at 13, 48, and 88. The cited evidence is relevant to his argument that he was impeded from completing the final step – not that he succeeded in completing it.

Gibson argues he was impeded by the Assistant Warden's actions and statements to him on December 10, 2019; by the Warden's response to his grievance appeal on December 20, 2019; and by his transfer to the New Castle Correctional Facility on December 27, 2019. It is unnecessary to recount the details of any of these arguments because Gibson declares he prepared and mailed a final step appeal on December 26, 2019. ECF 26-1 at 13. Because he asserts he mailed a final step grievance appeal, none of those three events impeded him from actually completing the grievance process.

Gibson declares under penalty of perjury, "The night of December 26, 2019, I was informed of my transfer and my property was packed for transfer the next morning. I gave the officer working my outgoing mail which included the notice of appeal." ECF 26-1 at 13. He explains that mail was addressed to the Grievance Specialist as required by the IDOC Grievance Policy. ECF 27 at 12 ("It is not the Plaintiff's responsibility to

4

submit the written appeal to the Department Grievance Manager, it is the responsibility of the Grievance Specialist to forward the appeal to the Department Manager after receiving notice that an offender wishes to appeal to that level. <u>Plaintiff did just that</u>." (emphasis added). The Defendants do not present any evidence disputing Gibson's declaration that he mailed his final step appeal to the Grievance Specialist on December 26, 2019. Rather, they argue mailing it was not permitted by the IDOC Grievance Policy. "The offender is to check the 'Disagree' box, sign, and submit the completed Grievance Appeal form, and any additional, pertinent documentation to the Offender Grievance Specialist. (ECF 18-2 at 12). Plaintiff erred in mailing out his grievance response." ECF 29 at 6-7. The IDOC Grievance Policy explains the final step grievance process:

> If the offender wishes to appeal the Warden's/designee's appeal response, the offender shall check the "Disagree" box, sign, and <u>submit the completed State Form</u> 45473, "Offender Grievance Appeal," and any additional, pertinent documentation <u>to the Offender Grievance Specialist</u> within five (5) business days of receipt of the Warden's/designee's appeal response.

ECF 18-2 at 12 (emphasis added). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The IDOC policy requires the appeal form be *submitted* to the Grievance Specialist – it does not specify how it is to be submitted. Nothing in the policy prohibits mailing the form to the Grievance Specialist. As such, Gibson did not violate the policy when he mailed the form to the Grievance Specialist. Though IDOC records do not indicate the Grievance Specialist ever received

5

the appeal form, the Defendants have presented no evidence contradicting his assertion that he did so.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Here, the Defendants have not done so. "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). There is no basis for a hearing as provided for in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), because "the prospect of challenging a witness' credibility is not alone enough to avoid summary judgment." *Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 (7th Cir. 1998).

For these reasons, the motion for summary judgment (ECF 18) is DENIED.

SO ORDERED on March 30, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT