UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LIONEL GIBSON,                    )<br>    Plaintiff,                      )<br>                                    )<br>       v.                         )    CAUSE NO.: 3:22-CV-29-JEM<br>                                    )<br>J. KOONS and E. KEPNER,  )<br>    Defendants.               )| |

**OPINION AND ORDER**

Lionel Gibson, a prisoner without a lawyer, filed an amended complaint raising three claims [DE 40]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In Claims One and Three, Gibson alleges that Casework Manager Ms. J. Koons and Correctional Officer E. Kepner worked together in late November 2019 to retaliate against him for filing grievances against their co-workers (Fox and Groves) by filing a false conduct report charging him with possessing a knife they planted in his bedding. ¶¶ 18 and 20 [DE 40]. Gibson alleges the charge was dismissed. ¶ 15. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks

1

omitted). These allegations state a First Amendment claim against Officer Kepner and Caseworker Koons because filing a false disciplinary charge can be the basis for a retaliation claim. *See DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000) ("Officer Smith allegedly told Mr. DeWalt that he was giving him a disciplinary report precisely because Mr. DeWalt had filed a grievance against Officer Young.").

In Claim Two, Gibson alleges that Casework Manager Ms. J. Koons ordered guards to drag the stab wounds on his bare feet on the floor from I-Dorm to RHU in November 2019. ¶ 19. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). These allegations state an Eighth Amendment claim against Caseworker Koons.

For these reasons, the Court:

(1) **GRANTS** Lionel Gibson leave to proceed against Casework Manager J. Koons and Correctional Officer E. Kepner in their individual capacities for compensatory and punitive damages for retaliating against him in late November 2019 for filing grievances against their co-workers (Fox and Groves) by filing a false conduct report charging him with possessing a knife they planted in his bedding in violation of the First Amendment;

(2) **GRANTS** Lionel Gibson leave to proceed against Casework Manager J. Koons in her individual capacity for compensatory and punitive damages for using excessive force when she ordered guards to drag the stab wounds on his bare feet on the floor from I-Dorm to RHU in November 2019 in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims; and

(4) **ORDERS,** under 42 U.S.C. § 1997e(g)(2), Casework Manager J. Koons and Correctional Officer E. Kepner to respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED this 2nd day of May, 2023.

 s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*